FILED ___ LODGED
___ RECEIVED ___ COPY
OCT 25 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

GARY M. RESTAINO
United States Attorney
District of Arizona

KRISTEN BROOK
Arizona State Bar No. 023121
Assistant United States Attorney
RAYMOND K. WOO
Arizona State Bar No. 023050
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Kristen.Brook@usdoj.gov
Raymond.Woo@usdoj.gov
Attorneys for Plaintiff

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Kingsley Sebastian Ibhadore,
a.k.a. Barry Bhoye,
a.k.a. Celestin Cheick,
a.k.a. Simone Diakite, and
a.k.a. Celestin Emmanuel,

Defendant.

No. CR-22-1392-PHX-JJT (MHB)

**INDICTMENT**

VIO: 18 U.S.C. § 371
(Conspiracy)
Count 1

18 U.S.C. § 1957(a)
(Transactional Money Laundering)
Counts 2-11

18 U.S.C. § 1543
(False Use of a Passport)
Counts 12-13

31 U.S.C. § 5324(a)(3)
(Structuring Financial Transactions Through A Domestic Financial Institution)
Counts 14-22

18 U.S.C. § 981(a)(1)(C);
18 U.S.C. § 982(a)(1);
21 U.S.C. § 853;
28 U.S.C. § 2461(c)
(Forfeiture Allegations)

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

1. At all times relevant to this Indictment, defendant KINGLSEY SEBASTIAN IBHADORE (IBHADORE) was a resident of Arizona and a lawful permanent resident. IBHADORE immigrated to the United States from Nigeria in 2016.

2. Starting sometime in 2018, IBHADORE conspired with others to launder funds that were criminally derived.

3. Between August 17, 2018 and August 1, 2019, IBHADORE opened twenty-four (24) bank accounts through Bank of America (B of A), JP Morgan Chase (JPMC), Wells Fargo (WF) and BBVA Compass (BBVA). IBHADORE opened the accounts with the false names of Barry Bhoye, Celestin Cheick, Simone Diakite, and Celestin Emmanuel. In some cases, IBHADORE used fraudulent passports to open some of the accounts and to conduct transactions.

4. During the conspiracy, IBHADORE received checks from romance scam Victims, that were made payable to the false names he used to open the bank accounts. Some of the checks were in excess of $10,000 and IBHADORE would deposit the checks into one of the 24 bank accounts. IBHADORE would withdraw cash from his accounts in structured transactions to avoid the $10,000 reporting requirement, conduct monetary transfers between his accounts, and conduct wire transfers of criminally derived funds to third parties in Turkey and Nigeria in excess of $10,000.

**<u>COUNT 1</u>**
**CONSPIRACY**
**(18 U.S.C. § 371)**

5. The factual allegations in the preceding paragraphs are incorporated by reference and re-alleged as though fully set forth herein.

6. Beginning in or around 2018, and continuing through 2020, in the District of Arizona and elsewhere, defendant KINGLSEY SEBASTIAN IBHADORE, and others known and unknown to the grand jury, knowingly and intentionally agreed, confederated, and conspired with each other, and with others known and unknown to the grand jury, to commit Transactional Money Laundering, in violation of 18 U.S.C. § 1957(a) against the

United States.

**MANNER AND MEANS**

7. The manner and means by which the defendant sought to accomplish the objectives of the conspiracy included:

a. Opening and using numerous bank accounts with false names of Barry Bhoye, Celestin Cheick, Simone Diakite, and Celestin Emmanuel;

b. Receiving and depositing funds from romance scam Victims; and

c. Engaging in monetary transactions of over $10,000 with criminally derived funds.

**OVERT ACTS**

a. On or about August 17, 2018, IBHADORE opened bank account (8717) at B of A. IBHADORE falsely identified himself as Celestine Emmanuel, and was the only signer on the account.

b. On or about October 23, 2018, IBHADORE opened a bank account (3290) at B of A. IBHADORE falsely identified himself as Barry Bhoye, and was the only signer on the account.

c. On or about October 23, 2018, IBHADORE opened a bank account (4587) at B of A. IBHADORE falsely identified himself as Simone Diakite, and was the only signer on the account.

d. On or about October 23, 2018, IBHADORE opened a bank account (3261) at B of A. IBHADORE falsely identified himself as Barry Bhoye using a fraudulent passport, and was the only signer on the account.

e. On or about November 1, 2018, IBHADORE opened bank account (1729) at JPMC. IBHADORE falsely identified himself as Celestine Cheick, and was the only signer on the account.

f. On or about July 9, 2019, IBHADORE opened a bank account (3263) at WF. IBHADORE falsely identified himself as Barry Bhoye and was the only signer on the account.

g. On or about July 30, 2019, IBHADORE opened a bank account (5814) at B of A. IBHADORE falsely identified himself as Simone Diakite, and was the only signer on the account.

h. On or about August 1, 2019, IBHADORE opened a bank account (3395) at JPMC. IBHADORE falsely identified himself as Barry Bhoye, and was the only signer on the account.

i. On or about August 1, 2019, IBHADORE opened bank account (3858) at JPMC. IBHADORE falsely identified himself as Barry Bhoye using a fraudulent passport, and was the only signer on the account.

j. On or about April 27, 2019, IBHADORE deposited a cashier's check from Victim A.S., in the amount of $20,000 into his B of A account ending in 3261.

k. On or about May 6, 2019, IBHADORE transferred $16,565.00 from his B of A account ending in 3261 to another person in Turkey.

l. On or about July 8, 2019, IBHADORE deposited a cashier's check from Victim M.L., in the amount of $75,000, into his B of A account ending in 3290.

m. On or about July 12, 2019, IBHADORE deposited a cashier's check from Victim M.L., in the amount of $60,000, into his WF account ending in 3263.

n. On or about July 15, 2019, IBHADORE deposited a cashier's check, in the amount of $53,681.00, into his B of A account ending in 4587.

o. On or about July 16, 2019, IBHADORE sent $51,381.61 to a third party in Nigeria from his B of A account ending in 4587.

p. On or about July 19, 2019, IBHADORE deposited a cashier's check from Victim M.L., in the amount of $50,000, into his B of A account ending in 3261.

q. On or about August 7, 2019, IBHADORE deposited a cashier's check from Victim M.L., in the amount of $100,000, in to his JPMC account ending in

3395.

r. On or about August 7, 2019, IBHADORE deposited a cashier's check from Victim M.L., in the amount of $100,000, into his B of A account ending in 3261.

s. On or about August 15, 2019, IBHADORE deposited a $42,476.13 cashier's check into his B of A account ending in 4590. The check was funded with Victim M.L. funds that were deposited into IBHADORE's B of A account ending in 3261.

t. On or about August 15, 2019, IBHADORE deposited a $46,961.06 cashier's check into IBHADORE's B of A account ending in 5814. The check was funded with Victim M.L. funds that were deposited into IBHADORE's B of A account ending in 3261.

u. On or about August 29, 2019, IBHADORE deposited a cashier's check from Victim M.L., in the amount of $30,000, into his B of A account ending in 3290.

v. On or about September 25, 2019, IBHADORE deposited a check from Victim D.M., in the amount of $30,000, into his JPMC account ending in 3395.

w. On or about October 11, 2019, IBHADORE deposited a cashier's check from Victim M.L., in the amount of $40,000, into his JPMC account ending in 3858.

x. On or about February 27, 2020, IBHADORE deposited a cashier's check from Victim D.E., in the amount of $97,000, into his B of A account ending in 3261.

y. On or about March 2, 2020, IBHADORE deposited a $25,392.88 cashier's check, purchased with funds from Victim D.E., into his B of A account ending in 5814.

z. On or about March 2, 2020, IBHADORE deposited a $27,682.21 cashier's check, purchased with funds from Victim D.E., into his B of A account ending in 4587.

aa. On or about September 23, 2019, IBHADORE withdrew $3,000 from his JPMC account ending in 3858.

All in violation of Title 18, United States Code, Section 371.

**COUNTS 2-11**
**TRANSACTIONAL MONEY LAUNDERING**
**(18 U.S.C. § 1957(a))**

8. The factual allegations in the preceding paragraphs of this Indictment are re-alleged and incorporated as though fully set forth herein.

9. On or about the dates listed below, in the District of Arizona and elsewhere, defendant KINGLSEY SEBASTIAN IBHADORE knowingly engaged in monetary transactions, of a value greater than $10,000, occurring within the United States, with criminally derived funds, i.e. mail and wire fraud, with each transaction being a separate count of this Indictment:

| Count | On or About Date | Monetary Transaction (Account Name, Last 4 Account Numbers) | Amount |
|---|---|---|---|
| 2 | 7/8/2019 | Deposit of Victim M.L.'s cashier's check into Defendant's B of A account ending in 3290. | $75,000.00 |
| 3 | 7/15/2019 | Deposit of a cashier's check into Defendant's B of A account ending in 4587. | $53,681.00 |
| 4 | 7/16/2019 | Transfer from Defendant's B of A account ending in 4587 to a third party in Nigeria. | $51,381.61 |
| 5 | 8/7/2019 | Deposit of Victim M.L.'s cashier's check into Defendant's B of A account ending in 3261. | $100,000.00 |
| 6 | 8/15/2019 | Deposit of a cashier's check into Defendant's B of A account ending in 4590. | $42,476.13 |

| | | | |
|---|---|---|---|
| 7 | 8/16/2019 | Transfer from Defendant's B of A account ending 5814 to a third party in Nigeria. | $86,746.89 |
| **8** | 9/25/2019 | Deposit of a personal check from Victim D.M. into Defendant's JPMC account ending in 3395. | $30,000.00 |
| **9** | 2/27/2020 | Deposit of cashier's check from Victim D.E. into Defendant's B of A account ending in 3261. | $97,000.00 |
| **10** | 3/2/2020 | Deposit of a cashiers check into Defendant's B of A account ending 5814. | $25,392.88 |
| **11** | 3/2/2020 | Deposit of a cashiers check into Defendant's B of A account ending 4587. | $27,682.21 |

All in violation of Title 18 U.S.C., Section 1957(a).

**COUNT 12**
**FALSE USE OF A PASSPORT**
**(18 U.S.C. § 1543)**

10. On or about October 23, 2018, within the District of Arizona, the defendant, KINGLSEY SEBASTIAN IBHADORE, willfully and knowingly used and attempted to use a false, forged, and counterfeit passport or an instrument purporting to be a passport issued by the Republique of Guinée, West Africa, in that the defendant presented the said passport or instrument purporting to be his passport to an employee at Bank of America Bank, to open bank account (3261). IBHADORE falsely identified himself as Barry Bhoye, and was the only signer on the account.

All in violation of Title 18 U.S.C., Section 1543.

**COUNT 13**
**FALSE USE OF A PASSPORT**
**(18 U.S.C. § 1543)**

11. On or about August 1, 2019, within the District of Arizona, the defendant, KINGLSEY SEBASTIAN IBHADORE, willfully and knowingly used and attempted to use a false, forged, and counterfeit passport or an instrument purporting to be a passport

issued by the Republique of Guinée, West Africa, in that defendant presented the said passport or instrument purporting to be his passport to an employee at JP Morgan Chase, to open bank account (3858). IBHADORE falsely identified himself as Barry Bhoye, and was the only signer on the account.

All in violation of Title 18 U.S.C., Section 1543.

**COUNTS 14-22**

**STRUCTURING FINANCIAL TRANSACTIONS THROUGH A DOMESTIC FINANCIAL INSTITUTION**

**(31 U.S.C. § 5324(a)(3))**

12. On or about September 23, 2019, and continuing to on or about March 16, 2020, in the District of Arizona, defendant KINGLSEY SEBASTIAN IBHADORE knowingly, and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, the regulations promulgated thereunder and the reporting and record keeping requirements imposed thereunder, structured the following cash transactions from accounts at B of A, a domestic financial institution.

| Count | On or About Date | Banks and Locations | Description of Cash Withdrawal |
|---|---|---|---|
| 14 | 9/23/2019 | 1. JPMC at XX40 S. Central Avenue, Phoenix, Arizona<br>2. B of A at XX02 N. 44th Street, Phoenix, Arizona<br>3. B of A at XX01 S. Central Avenue, Phoenix, Arizona | In-person Cash Withdrawals from 3 different bank locations:<br>1. $3,000 from JPMC account ending 3858;<br>2. $7,500 from B of A account ending 3261;and<br>3. $5,200 from B of A account ending 3261. |
| 15 | 10/2/2019 and 10/3/2019 | B of A at XXX0 S. Central Avenue, Phoenix, Arizona | In-person Cash Withdrawals:<br>1. $5,750 and $3,000 (from B of A account ending 3395) (10/2/19)<br>2. $3,000 and $6,000 (from B of A account ending (3395) (10/3/19) |

| | | | |
|---|---|---|---|
| 16 | 3/2/2020 | 1. B of A at XX23 N. Scottsdale Road, Scottsdale, Arizona<br>2. B of A at XX02 N. 44th Street, Phoenix, Arizona<br>3. B of A at XX03 W. Olive Avenue, Glendale, Arizona | In-person Cash Withdrawals from 3 different bank locations:<br>1. $8,740 from B of A account ending 3261;<br>2. $7,720 from B of A account ending 3261; and<br>3. $4,500 from B of A account ending in 5814. |
| 17 | 3/4/2020 | 1. B of A at XX02 N. 44th Street, Phoenix, Arizona<br>2. B of A at XX01 W. Happy Valley Road, Phoenix, Arizona<br>3. B of A XX78 E. Camelback Road, Phoenix, Arizona | In-person Cash Withdrawals from 3 different bank locations:<br>1. $7,900 (from B of A account ending 3261);<br>2. $7,600 (from B of A account ending 4587); and<br>3. $8,200 from B of A account ending 5814. |
| 18 | 3/6/2020 | B of A at XX5 E. Bell Road, Phoenix, Arizona | In-person Cash Withdrawals of:<br>1. $8,000 from B of A account ending 3261;<br>2. $7,800 from B of A account ending 4587; and<br>3. $4,620 from B of A account ending 5814. |
| 19 | 3/10/2020 | 1. B of A at XX02 N. 44th Street, Phoenix, Arizona<br>2. B of A at XX5 E. Bell Road, Phoenix, Arizona | In-person Cash Withdrawals from 2 different bank locations:<br>1. $2,600 from B of A account ending 3261; and<br>2. $7,600 from B of A account ending 4590. |
| 20 | 3/12/2020 | 1. B of A at XX01 W. Happy Valley Road, Phoenix, Arizona | In-person Cash Withdrawals from 2 different bank locations: |

| | | | |
|---|---|---|---|
| | | 2. B of A at XX78 E. Camelback Road, Phoenix, Arizona | 1. $8,800 from B of A account ending 4590; and<br>2. $8,900 from B of A account ending 3290. |
| 21 | 3/13/2020 | 1. B of A at XX23 N. Scottsdale Road, Scottsdale, Arizona<br><br>2. B of A at XX02 N. 44th Street, Phoenix, Arizona | In-person Cash Withdrawals from 2 different bank locations:<br>1. $7,700 from B of A account ending 3290; and<br>2. $8,300 from B of A account ending 4587. |
| 22 | 3/16/2020 | 1. B of A at XX03 W. Olive Avenue, Glendale, Arizona<br><br>2. B of A at XX00 W. Glenn Drive, Glendale, Arizona<br><br>3. B of A at XX31 W. Thunderbird Road, Glendale, Arizona | In-person Cash Withdrawals from 3 different bank locations:<br>1. $1,500 and $5,000 from B of A account ending 3290;<br>2. $3,000 from B of A account ending 4590; and<br>3. $4,500 from B of A accounts ending 4590. |

All in violation of Title 31, United States Code, Section 5324(a)(3).

**FORFEITURE ALLEGATION**
**(18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853; 28 U.S.C. § 2461(c))**

13. The factual allegations in the preceding paragraphs of this Indictment are re-alleged and incorporated as though fully set forth herein.

14. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 22 of this Indictment, defendant(s) shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s),

including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: October 25, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

s/
KRISTEN BROOK
RAYMOND K. WOO
Assistant U.S. Attorneys