# UNITED STATES DISTRICT COURT
## ARIZONA – PHOENIX
### December 2, 2022

**USA v. Kingsley Sebastian Ibhadore**                    Case Number: CR 22-01392-01-PHX-JJT

## ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND:**
    ☐ **UNSECURED**
    ☐ **SECURED BY:**
**SECURITY TO BE POSTED BY:**

**NEXT APPEARANCE:** A Jury Trial is currently set for Wednesday, January 4, 2023 at 9:00 AM, before District Judge John J Tuchi; or as directed through counsel.
    ☒ 401 West Washington St., Phoenix, AZ, Courtroom #505, 5th Floor.

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒      promise to appear at all proceedings as required and to surrender for service of any sentence imposed.

☒      not commit any federal, state, tribal, or local crime.

☒      cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒      IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address and telephone number.

☒      avoid all direct or indirect contact with persons who are considered alleged victim(s) or potential witness(es) and co-conspirators.

☒      report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350, 401 West Washington St., Phoenix, AZ, Suite 260.

☒      be released to the third-party custody of: **Brandi Melancon** and shall reside with the third-party custodian unless Pretrial Services approves the defendant to reside elsewhere.

☒      surrender all travel documents to Pretrial Services by December 7, 2022, and shall not obtain a passport or other travel document during the pendency of these proceedings.

☒      not obtain any new financial accounts without prior notification and approval of Pretrial Services

☒      resolve all pending lower court matters and provide proof of such to Pretrial Services.

☒      consume no alcohol. The defendant shall participate in alcohol treatment, submit to alcohol testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

☒      not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not

possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

- [x] maintain weekly contact with his/her attorney by Friday, noon of each week.

- [ ] maintain or actively seek verifiable employment (combination work/school) if defendant is physically or medically able and provide proof of such to Pretrial Services.

- [ ] not travel outside of the State of Arizona unless PRIOR Court or Pretrial Services permission is granted to do so. The defendant may travel directly to the prosecuting district, and through all states and counties between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences unless PRIOR Court or Pretrial Services permission is granted to do so.

- [ ] report as directed to the U.S. PROBATION OFFICE 602-322-7400, 401 West Washington St., Phoenix, AZ, Suite 160 and abide by all terms of conditions of Supervised Release/Probation.

- [ ] not drive without a valid driver's license.

- [ ] execute an agreement to forfeit upon failing to appear as required, the bond or designated property:

- [ ] not obtain a passport or other travel documents during the pendency of these proceedings.

- [ ] not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

- [ ] shall timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of: $.

- [ ] shall actively participate in any mental health treatment program as directed by Pretrial Services and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider and make a copayment toward the cost of such services as directed by Pretrial Services.

- [ ] shall participate in a Specialized Treatment Program and comply with all treatment requirements including taking all medications prescribed by a physician/psychiatrist and make a copayment toward the cost of such services as directed by Pretrial Services.

- [ ] shall register as a sex offender in compliance with all federal, state, tribal or local laws or as ordered by the court. Failure to comply with registration laws may result in new criminal charges.

- [ ] not have contact with any minors unless supervised by an adult of 18 years or older.

### REMOTE INTERNET AND COMPUTER MONITORING PROGRAM

The defendant shall participate in the Remote Internet and Computer Monitoring Program as ordered by the Court and follow the rules of the program. Additional conditions of the Computer Monitoring Program are as follows:

- [x] Pretrial Services is authorized, in the lawful performance of the office duties, to monitor the defendant's internet activities using an agency approved computer and internet monitoring software. This does not include the monitoring of the computer owned by the defendant's employer.

☒ Pretrial Services is authorized to remotely access the monitoring software installed on the defendant's device(s), at any time, with or without suspicion that the defendant has violated the conditions of supervision.

☒ Should the defendant fail to comply with the Remote Internet and Computer Monitoring Program, the Court may impose additional restrictions that may include up to revocation of the defendant's pretrial release.

☒ The defendant shall pay for all or part of the cost of the Remote Internet and Computer Monitoring Program as directed by Pretrial Services. The defendant shall submit financial records such as, bank statements, credit reports, internet and cable television statements, sales receipts, credit and debit card statements, to verify compliance with this condition and any other Court ordered condition.

☒ The defendant shall not intentionally attempt, or direct a third-party, to remove, bypass, deactivate or impair the monitoring software.

☒ The defendant is permitted to use a compatible, monitored computer or compatible, monitored cellular smart phone, as determined by Pretrial Services, to access the internet for legitimate purposes. Any other internet connected devices in the defendant's residence not subject to monitoring shall not be used by the defendant, be password protected, and verified by Pretrial Services for compliance.

☒ The defendant shall submit an accounting of all internet capable and data storage media devices to Pretrial Services and shall approve the number of devices the defendant may use for legitimate purposes.

☒ The defendant shall purge any violative material prior to the installation of the monitoring software. Should the monitoring software capture any violative material after the installation of the monitoring software, the defendant may be in violation of the Remote Internet and Computer Monitoring Program.

☒ The defendant shall not possess or use an unmonitored internet capable device such as an iPod, iPad, tablet, gaming systems, computer(s), smartphones(s) or any other device capable of connecting to the internet unless preapproved by Pretrial Services.

## LOCATION MONITORING

The defendant shall participate in the following location monitoring program component(s) and shall abide by all program requirements. The defendant shall pay all or part of the cost of the participation in the location monitoring program as directed by the court or Pretrial Services.

☐ **(Curfew)** The defendant is restricted to his/her residence every day ☐ from ☐ as directed by Pretrial Services.

☐ **(Home Detention)** The defendant is restricted to his/her residence at all times except for: employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by Pretrial Services.

☐ **(Home Incarceration)** The defendant is restricted to his/her residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

☒ **(Stand Alone Monitoring)** The defendant has no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

The defendant shall submit to the location monitoring technology indicated below and shall abide by all of the technological requirements and instructions provided by Pretrial Services.

☒ Location monitoring technology at the officer's discretion

☐ Radio Frequency (RF) Monitoring

☐ Active GPS Monitoring

☐ Voice Recognition

## ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

| USA v. Kingsley Sebastian Ibhadore | Case Number: CR 22-01392-01-PHX-JJT |
|---|---|
| **December 2, 2022** | Page 5 of 5 |

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE: | SIGNATURE OF DEFENDANT |
|---|---|
| 12/2/2022 | *[signature]* |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

SIGNATURE OF CUSTODIAN
*Bradi Melanson [signature]*

**Directions to United States Marshal:**

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

DATE: December 2, 2022

*[signature]*
John Z. Boyle
United States Magistrate Judge

CC: AUSA, PTS/PROB; USM; DEF; DEF ATTY